IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

       Plaintiff,                  Case No. 03-6128-HO

       v.                              ORDER

LEE CHASE, et al.,

       Defendants.

Plaintiff moves for default judgment against defendant Lee Chase, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Chase. See Order dated August 12, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges Chase purchased a "pirate access device" consisting of a "Boot Loader Board" from DSS-Stuff, using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 7. The complaint further alleges defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a). Complaint at 6-7.[1] Based on these allegations, the court finds Chase liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible,

---

[1] Plaintiff withdraws its third claim for violation of 18 U.S.C. § 2512(1)(b). Pl's Motion at 2.

2 - ORDER

because Chase has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Chase's non-appearance; and nothing suggests Chase's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Chase is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) or 605(e)(4) may recover statutory damages of not less than $1,000, or more than $10,000 for each violation as the court considers

3 - ORDER

just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000.[2] 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, a "bootloader" is a hardware device designed to permit the use of disabled access cards in DIRECTV receivers, bootloaders have no plausible legitimate uses, and no additional software is required to intercept DIRECTV's signal. Sichler Decl., ¶ 30.

Plaintiff submitted evidence that Chase purchased a bootloader in May, 2001, and that Chase subscribed to plaintiff's satellite programming beginning in 1995, so that, according to plaintiff's witness, Chase would have possessed all the equipment needed to intercept plaintiff's encrypted programming. Sichler Decl., ¶¶ 30-31, Exs. 1-2. There is no evidence that Chase successfully used the bootloader to intercept plaintiff's programming without authorization, however. For this reason, the court declines to award statutory damages.

Plaintiff is entitled to an award of reasonable attorneys'

---

[2]Relying on Rodgers v. Wood, 910 F.2d 444, 447-48 (7th Cir. 1990), plaintiff argues that an award of statutory damages under 18 U.S.C. § 2520(c)(2) is mandatory. Rodgers states the minority rule, and the court follows the majority rule that a statutory damage award is discretionary. See DIRECTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1346 n.25 (M.D.Fla. 2003) (collecting cases).

fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,414.16, and costs in the amount of $187.06. The attorneys' fee request is reasonable, and is allowed. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.

The cost bill reflects costs expended for the filing fee (prorated), process server fee, messenger service, facsimile charges, long distance telephone charges and photocopying. The
///
///

5 - ORDER

costs do not appear unreasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#87] and motion for attorney fees and costs [#90] relating to defendant Lee Chase are granted to the extent provided herein.

Lee Chase is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Lee Chase. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Lee Chase $187.06 in costs, and $3,414.16 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 22nd day of July, 2005.

Michael R. Hogan
United States District Judge