IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

        Plaintiff,                   Case No. 03-6128-HO

        v.                            ORDER

LEE CHASE, et al.,

        Defendants.

Plaintiff moves for default judgment against defendant Aaron Eaton, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Eaton. See Order dated December 9, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges Eaton purchased a "pirate access device," consisting of an "unlooper," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 9. The complaint further alleges defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a). Complaint at 6-7.[1] Based on these allegations, the court finds Eaton liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible,

---

[1] Plaintiff withdraws its third claim for violation of 18 U.S.C. § 2512(1)(b). Pl's Motion at 2.

2 - ORDER

because Eaton has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Eaton's non-appearance; and nothing suggests Eaton's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Eaton is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than $10,000 for each violation as the court considers just. 47

U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000.[2] 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, the "unlooper" purchased by plaintiff is designed to restore functionality fo illegally modified DIRECTV access cards that were disabled by misuse or plaintiff's anti-piracy measures, the unlooper was shipped with "SU2 Code," which is commonly known as a type of piracy software designed for the primary purpose of obtaining DIRECTV programming without authorization, purchase and use of an unlooper is a clear indication of a customer's eagerness to continue illegal access to DIRECTV programming without payment to DIRECTV, purchase of an unlooper indicates that the purchaser already possessed one or more illegally modified DIRECTV access cards, and DIRECTV is unaware of any plausible legitimate commercial use for unloopers. Sichler Decl., ¶ 30. Plaintiff submitted evidence that Eaton purchased the unlooper on or about April 12, 2001. Id., Ex. 1.

According to plaintiff's witness, DIRECTV should be awarded

---

[2] Relying on Rodgers v. Wood, 910 F.2d 444, 447-48 (7th Cir. 1990), plaintiff argues that an award of statutory damages under 18 U.S.C. § 2520(c)(2) is mandatory. Rodgers states the minority rule, and the court follows the majority rule that a statutory damage award is discretionary. See DIRECTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1346 n.25 (M.D.Fla. 2003) (collecting cases).

maximum statutory damages because, upon all reasonable likelihood, Eaton used the unlooper to view DIRECTV programming without payment. Id., ¶ 31. There is, however, no evidence that Eaton successfully used the unlooper to intercept plaintiff's programming without authorization, or even that he possessed all the equipment necessary to do so. For this reason, the court declines to award statutory damages.

Plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $5,714.56, and costs in the amount of $300.17. The award sought is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with

which the court is familiar. The court therefore finds that the rates are reasonable.

The number of hours expended is not reasonable, however. First, plaintiff submitted duplicate detailed entries for time expended by attorney Long on December 16, 2003. Smith Decl., Ex. 1 at 8. The court will disallow the second entry for $73.50, which at the stated rate equates to .3 hours. Second, plaintiff claims roughly twelve hours combined attorney and paralegal time expended in preparation of the amended motion for entry of default against Eaton. This amount of time is unreasonable, considering that plaintiff expended only about four hours of primarily paralegal time on the initial motion for entry of default, which the court denied for lack of evidence presented of plaintiff's diligent efforts to locate Eaton prior to resort to the service method for service on a tenant of a mail agent. See Record of Order dated August 20, 2004; Smith Decl., Ex. 1 at 10-13. The court finds that two hours of attorney smith's time and two hours of paralegal Karnopp's time is more than reasonable to incorporate the due diligence evidence into an amended motion for entry of default. The court will therefore disallow excess time expended on the amended motion for entry of default and supporting documents, which it calculates from exhibit 1 to the Smith Decl., as follows: 4.95 hours for attorney Smith; 1.45 hours for paralegal Karnopp, and 1.8 hours for paralegal Zochert.

Based on the disallowed hours, the court disallows $1237.50 for attorney Smith (4.95 hours * $250/hr), $181.25 for paralegal Karnopp (1.45 hours * $125/hr) and $108 for paralegal Zochert (1.8 hours * $60/hr). The court will award $4,114.31 in attorney fees.

The cost bill reflects costs expended for the filing fee (prorated), process server fees, messenger service, facsimile charges, telephone charges and photocopying. The costs do not appear unreasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#101] and motion for attorney fees and costs [#104] relating to defendant Aaron Eaton are granted to the extent provided herein.

Aaron Eaton is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Aaron Eaton. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall

recover from Aaron Eaton $300.17 in costs, and $4,114.31 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 21st day of September, 2005.

_____
United States District Judge